IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                 CRIMINAL NO.: WDQ-10-0043

SULEIMAN ZAKARIA,

    Defendant.

MEMORANDUM OPINION

On January 26, 2010, Zakaria was charged with importing heroin into the United States and possessing heroin with the intent to distribute. For the following reasons, the Government's motion in limine to exclude Zakaria's expert testimony was granted in part and denied in part.

I. Expert Evidence

Under Fed. R. Evid. 702:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Expert testimony must be "relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). Expert evidence that does not help the trier of fact understand the evidence or determine a fact in issue is irrelevant. *See id.* at 591 (citations and internal quotation marks omitted).

II. Dr. Lawrence Donner

Zakaria proffered Dr. Lawrence Donner's[1] testimony about Zakaria's intellectual functioning and the characteristics of similar people to help the jury "determine what a person with Mr. Zakaria's intellectual functioning might or might not have known in his circumstances." Def.'s Resp. 2.[2] Dr. Donner's neuropsychological examination of Zakaria found very low cognitive performance. Pl.'s Reply 7. The Government moved to exclude Dr. Donner's testimony as irrelevant and not helpful to the trier of fact. Mem. Supp. Pl.'s Mot. 3.

Psychiatric testimony "rare[ly]" negates a defendant's *mens rea*. *United States v. Worrell*, 313 F.3d 867, 873–74 (4th Cir.

---

[1] Dr. Donner, a clinical and forensic psychologist licensed in Maryland, is certified by the American Board of Professional Psychology and has more than 30 years of experience. Mot., Ex. 1 at 1. He has been qualified as an expert witness in many jurisdictions. *Id.*

[2] Dr. Donner would not have testified in support of an insanity defense or on the issue of competency to stand trial.

2002) (citation and internal quotation marks omitted).[3]  Dr. Donner's report did not indicate whether Zakaria "possessed the requisite mental state for the crimes with which [he was] charged."  *United States v. Lawson*, 459 F. Supp. 2d 1192, 1199 (M.D. Ala. 2006) ("general psychiatric evidence of [defendant's] low IQ or other cognitive difficulties" was irrelevant to her mental state when conspiring to steal).  As Dr. Donner did not opine about Zakaria's knowledge of the heroin in his bag or his lack of criminal culpability because of his intelligence, his testimony was excluded.

III.  Dr. Cati Coe

Zakaria also proffered Dr. Cati Coe.[4]  Dr. Coe intended to testify about Ghanaian cultural norms and living arrangements to "establish the possibility that others had [easy] access to Mr.

---

[3] In *Worrell*, the defendant sought to introduce expert testimony about his mental disorders to negate his specific intent to mail threats.  *Worrell*, 313 F.3d at 873.  The court affirmed the exclusion of the expert testimony because it did "not address Worrell's intent, or lack of intent, to deposit threatening communications in the mails."  *Id.* at 874; *see also United States v. Johnson*, 110 F. App'x 319, 322-23 (4th Cir. 2004) (evidence that defendant "misperceive[d] reality when placed under acute stress" and was prone to panic attacks was irrelevant to his *mens rea* for assault); *United States v. Cameron*, 907 F.2d 1051, 1054 (11th Cir. 1990) (prohibiting "unarticulated, general psychiatric evidence of mental abnormality in order to negate specific intent").

[4] Dr. Coe, an Associate Professor of Anthropology at Rutgers University in Camden, New Jersey, teaches Sociology of Education, Individual and Society, and cultural anthropology courses.  Mot., Ex. 1 at 2.  She has researched and lived in Ghana and has published works on Ghanaian culture.  *Id.*

3

Zakaria's personal belongings and luggage in a way that they might not have had access to in an American household." Def.'s Resp. 3.[5]  The Government argued that the testimony was irrelevant and unhelpful to the jury because Ghanaian cultural norms could not explain whether Zakaria knew he was carrying heroin.  Mem. Supp. Pl.'s Mot. 5-6; Pl.'s Reply 7-8.

Rule 702 permits "expert testimony on issues of culture . . . when relevant and not unfairly prejudicial." *Vang v. Toyed*, 944 F.2d 476, 481 (9th Cir. 1991).[6]  Expert testimony on "background material" is allowed "when cultures or locations would be foreign to a jury." *Bowoto v. Chevron Corp.*, No. C 99-02506 SI, 2006 WL 2604592, at *3 (N.D. Cal. 2006) (law professor permitted to testify about legal obligations of Nigerian oil companies when an oil corporation was accused of human rights abuses in Nigeria).

That Ghanaian cultural norms prohibit guests like Zakaria from doing household chores is relevant to whether he knew he was carrying heroin because the jury could infer that someone in

---

[5] Dr. Coe planned to explain that Ghanaians who return from "first world" countries--like Zakaria--are treated like "royalty" and are culturally prohibited from doing household chores.  Mot., Ex. 3 at 1.

[6] In *Vang*, Hmong women sued a state employee, asserting that he raped them.  *Vang*, 944 F.2d at 478.  The district court properly admitted expert testimony about the "general explanation of Hmong culture and the role of women in that culture." *Id.* at 481.

his household packed his luggage and included the drugs without him knowing.  Dr. Coe's proposed testimony was also helpful because, as the Government concedes, "'cultural norms' of Ghana may be outside the purview and common experience of the jury." Mem. Supp. Pl.'s Mot. 5; *cf. Bowoto*, 2006 WL 2604592, at *2 ("Nigeria is a country far removed from the understanding of the average American.").  Furthermore, Dr. Coe sought only to provide general information about Ghanaian cultural norms rather than "opin[e] on what [Zakaria] did or did not know."  Def.'s Resp. 3.  Accordingly, her testimony was admitted.

IV. Conclusion

For the reasons stated above, the Government's motion in limine was granted as to Dr. Donner and denied as to Dr. Coe.

September 30, 2010            _____/s/_____
Date                                 William D. Quarles, Jr.
                                             United States District Judge